Krista S. Robinson, SBA No. 030868
Meghan M. Conlin, SBA No. 038541
Jessica Miller, SBA No. 031005
ROBINSON LAW OFFICES
202 E. Earll Dr., Suite 490
Phoenix, Arizona 85012-2698
Telephone: (602) 885-2627
Fax: (602) 888-8531
E-mail: krista@robinsonlawoffices.com
meghan@robinsonlawoffices.com
jessica@robinsonlawoffices.com
    *Attorney for Plaintiff Amanda DeCamp*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Amanda DeCamp**, an Arizona resident,<br><br>       Plaintiff,<br><br>   vs.<br><br>**SHP V Morrison Ranch LLC**, a Delaware limited liability company.<br><br>       Defendant. | **Case No. 2:24 CV**<br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

Plaintiff Amanda DeCamp ("Plaintiff"), by and through her undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant SHP V Morrison Ranch LLC d/b/a The Watermark at Morrison Ranch ("Watermark") pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 3, 7(a)1, 8(a), and 38(a & b):

## Parties, Jurisdiction, and Venue

1.    This action is brought to remedy discrimination on the basis of sex in the terms, conditions, and privileges of employment in violation of Title VII of the Civil

**ROBINSON LAW OFFICES**
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

Rights Act of 1964, as amended, 42 U.S.C. § 2000 et. seq. ("Title VII").

2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claim herein arises under the laws of the United States. This Court also has specific jurisdiction for the Plaintiff's retaliation claim pursuant to 42 U.S.C. 2000e-5(f)(3).

3.    The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

4.    Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action under Title VII.

5.    Venue in this Court is proper pursuant to 28 U.S.C. 1391.

6.    Plaintiff is, and at all times material to this Complaint has been:

    a.  A resident of the State of Arizona;

    b.  An "employee" of Defendant Watermark as that term is defined and used in  42 U.S.C. 2000e-(f).

7.    Defendant Watermark is, and at all times material to this Complaint has been:

    a.    A Delaware limited liability company authorized to conduct business in the State of Arizona;

    b.    Operating under the trade name "The Watermark at Morrison Ranch;"

    c.    An "employer" of Plaintiff as that term is used and defined in 42 U.S.C. 2000e(b);

    d.    An employer employing over 100 employees.

**Fact Allegations Supporting Claims**

8.    Defendant operates multiple Assisted Living Facilities in the state of

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

Arizona.

9.  Plaintiff was hired by Defendant Watermark at its Morrison Ranch assisted living facility on or about February 7, 2022.

10.  Plaintiff was hired in the role of Human Resources Business Manager.

11.  Plaintiff reported to the role of Executive Director.

12.  During her tenure of employment, Plaintiff contributed satisfactory to exceptional work performance.

13.  In or around November 2022, Plaintiff was awarded a merit-based raise.

14.  The raise was over 10% of her base pay.

15.  Throughout Plaintiff's term of employment, Watermark's Executive Director role experienced high turnover.

16.  Plaintiff worked with three different Executive Directors in the sixteen months she was employed.

17.  The last of the Executive Directors hired during her employment was Richard Becerra.

18.  Mr. Becerra was hired on or about May 5, 2023.

### Complaint of Sexual Harassment by Defendant's Employee

19.  Only three weeks later, on May 27, 2023, an employee called Plaintiff and complained that Mr. Becerra made her feel uncomfortable in the workplace.

20.  The employee reported that she had worked with Mr. Becerra at another assisted living facility where he engaged in sexually inappropriate conduct towards her, including stalking her online and sending her inappropriate text messages.

21.  In light of the seriousness of the employee's concerns, Plaintiff immediately escalated the complaint.

22.  At the time of the complaint, the facility's Managing Director, Andy Buckholtz was Mr. Becerra's direct supervisor.

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

23. Because the complaint was made about her immediate supervisor, Plaintiff bypassed Mr. Becerra and reported the matter to Mr. Buckholtz, via text message.

24. Only six days later, on June 2, 2023, the employee complaining about Mr. Becerra resigned.

25. Upon information and belief, the employee told others in the workplace that Mr. Becerra had approached her on her unit multiple times after she complained about him.

26. Upon information and belief, the employee told others in the workplace that she had complained about Mr. Becerra to human resources and did not believe the company would protect her from him.

27. The reasons for the employee's resignation were reported to Plaintiff by co-workers between June 2 and June 7, 2024.

28. On or about June 7, 2023, another employee approached Plaintiff and reported that Mr. Becerra had asked her to falsify a statement about Plaintiff.

29. Plaintiff instructed the employee to contact Defendant's Regional Human Resources Director, Candice Collier.

30. In light of the additional information learned about Mr. Becerra, Plaintiff also contacted Ms. Collier.

31. Plaintiff spoke with Ms. Collier over the phone about several matters, including, but not limited to, the sexual harassment allegation against Mr. Becerra, the complaining employee's resignation, and Mr. Becerra's instructions to a staff member to falsify information about Plaintiff.

32. Plaintiff expressed concerns that, *inter alia*, Watermark was not properly investigating the complaint against Mr. Becerra.

33. Ms. Collier seemed completely surprised by the sexual harassment

complaint against Mr. Becerra, and she assured Plaintiff that she would immediately look into the matter.

### Plaintiff's Retaliatory Termination

34.    The very next day, on June 8, 2024, Mr. Becerra and Mr. Buckholtz abruptly terminated Plaintiff.

35.    Plaintiff was terminated in person in Mr. Becerra's office.

36.    Mr. Becerra attended in person, and Mr. Buckholtz attended via video conference.

37.    Mr. Buckholtz stated that Plaintiff was terminated but initially did not provide any explanation as to the basis.

38.    When Plaintiff asked why she had been terminated, Mr. Buckholtz simply stated, "Conduct unbecoming."

39.    Mr. Buckholtz refused to give Plaintiff details or examples of what conduct he believed was unbecoming.

40.    Plaintiff had not been disciplined before the date of her termination.

41.    Although Watermark enforces written disciplinary procedures, they were not followed with respect to Plaintiff's termination.

42.    For example, Plaintiff was not given an Associate Disciplinary Report ("ADR") during the termination meeting.

43.    Every termination from Watermark requires the completion of an ADR form and a termination approval code.

44.    Because the circumstances of her termination were highly unexpected and unusual, Plaintiff sent a text message to Mr. Becerra, Mr. Buckholtz, and Ms. Collier stating, "I would like a formal termination form before I leave [the] property please.  Thank you."

45.    Ms. Collier called Plaintiff's phone and asked why she believed she was

being terminated. She also asked for Plaintiff to identify who was trying to terminate her and who claimed to have approved it.

46.    Plaintiff informed her that Mr. Buckholtz and Mr. Becerra had terminated her.

47.    Ms. Collier asked whether they had discussed the results of the investigation, and Plaintiff reported that they had not.

48.    Ms. Collier then asked Plaintiff to pass the phone to Mr. Becerra, and then Mr. Becerra retreated into his office on the phone with Ms. Collier.

49.    When Mr. Becerra returned Plaintiff's phone, Plaintiff again spoke with Ms. Collier.

50.    Ms. Collier apologized to Plaintiff about the termination and recommended that she "hire a lawyer."

51.    Ms. Collier also promised to pay her thirty days of PTO.

52.    Not long after she disconnected the phone call with Ms. Collier, Plaintiff observed Mr. Becerra walk to the printer and pick up a small stack of papers.

53.    Mr. Becerra handed the papers to Plaintiff and asked her to leave the property.

54.    The papers appear to be Plaintiff's ADR.

55.    The ADR had only been signed with the name "Buckholtz," and the other fields were blank.

56.    The ADR did not include a termination code as required for approval.

57.    The ADR states that Plaintiff had been issued no written counseling within the previous year.

58.    The ADR also states that Plaintiff was issued "oral counseling" related to Attendance Disciplinary Action, which is false.

59.    The ADR only stated that Plaintiff was being discharged for "conduct

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

unbecoming."

60. The ADR did not include any examples or details of conduct as required by Watermark policies and practices.

61. Upon information and belief, Plaintiff was not terminated for "conduct unbecoming."

62. Upon information and belief, Plaintiff was terminated by Mr. Buckholtz and Mr. Becerra due to her reporting that Mr. Becerra had sexually harassed an employee.

63. Defendant has a policy to pay accrued and unused paid time off ("PTO") to separated employees.

64. At the time of her discharge, Plaintiff had accrued approximately eighty (80) hours of unused PTO.

65. Defendant has not paid Plaintiff any amount of her accrued unused PTO.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

66. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation in violation of Title VII on January 8, 2024: Charge # 540-2023-04426 against The Watermark at Morrison Ranch.

67. On September 27, 2024, the EEOC issued its notice of right to sue for EEOC Charge No. 540-2023-04426. This Complaint is filed within ninety days of Plaintiff's receipt of the notice.

## DEMAND FOR TRIAL BY JURY

68. Plaintiff requests a trial by jury on all claims pursuant to the U.S. Constitution Seventh Amendment, 42 U.S.C. 1981a(c)(1), and FRCP Rule 38.

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

# COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

69.     Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

70.     Plaintiff engaged in protected activity by, *inter alia*, reporting sexual harassment, complaining about sexual harassment, or complaining about Defendant's failure to investigate or satisfy its legal obligations with respect to her earlier complaints.

71.     The Defendant terminated Plaintiff and refused to pay her 80 hours of accrued PTO in retaliation for her reporting unlawful conduct or conduct believed to be unlawful.

72.     As the direct and proximate result of the conduct of Defendants in terminating Plaintiff, she has suffered damages including, inter alia, lost wages from the loss of her job, a reduced standard of living and loss of employee benefits, worry about how she would support herself while unemployed, and sadness, embarrassment, humiliation and emotional distress from the sudden and unexpected loss of her job which she enjoyed and performed well.

73.     The actions of Defendant were committed in reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to recover punitive damages in addition to any other damages to be proven at trial.

## RELIEF REQUESTED

Based upon the foregoing, Plaintiff requests judgment and orders granting her the following relief against the Defendant.

      A.     Compensatory damages in an amount to be determined by the trier-of-fact as provided by 42 U.S.C. 1981a

      B.     Equitable tax gross-up adjustment pursuant to § 2000e-5(g)(1)

**ROBINSON LAW OFFICES**
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

C.   Punitive damages in an amount to be determined by the trier-of-fact as provided by 42 U.S.C. 1981a

D.   Injunctive relief pursuant to 42 U.S.C. 2000e-5(g)

E.   Reasonable attorney's fees and expert fees, pursuant to FRCP Rule 54(d)(2), and 42 U.S.C. 2000e-5(k)

F.   Prejudgment and postjudgment interest in accord with 28 U.S.C. § 1961

G.   Taxable costs pursuant to FRCP Rule 54(d)(1), and 28 U.S.C 1920.

Respectfully submitted this December 23, 2024.

ROBINSON LAW OFFICES

By:   */s/ Jessica Miller*

Krista S. Robinson, Esq.,
Meghan M. Conlin, Esq.,
Jessica Miller, Esq.,
202 E. Earll Drive, Suite 490
Phoenix, Arizona 85012-2627
*Attorneys for Plaintiff*